**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3799-16T1

MICHAEL SANTIAGO,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted November 15, 2018 – Decided May 29, 2019

Before Judges Simonelli and O'Connor.

On appeal from the New Jersey State Parole Board.

Michael Santiago, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Michael Santiago appeals from the March 29, 2017 final agency determination of the New Jersey State Parole Board (Board), which affirmed the decision of the full Board Panel (full Board) to deny parole and establish a sixty-month future eligibility term (FET). We affirm.

Appellant is currently an inmate at New Jersey State Prison in Trenton. He is serving an aggregate sentence of life in prison with a twenty-five-year period of parole ineligibility, following his 1983 convictions for murder, armed robbery, burglary, theft, theft of a motor vehicle, and theft by unlawful taking.

On May 16, 2015, appellant became eligible for parole for the fifth time. As of that date, appellant had served approximately thirty-two years of his life sentence. On November 18, 2015, appellant appeared before the full Board and, following a hearing, the full Board determined there was a substantial likelihood appellant would commit a new crime if released on parole. The full Board based its decision upon the serious nature of the offense appellant had committed, and the fact he exhibited insufficient problem resolution, including a lack of insight into his criminal behavior. The latter conclusion was based upon an interview of appellant by the full Board, documentation in the case file, confidential material, a pre-parole report, and the results of a risk assessment evaluation.

The full Board also considered mitigating factors, which were that appellant had no prior offense record, had been infraction free since he was last before the full Board, and had participated in institutional programs – including those specific to his behavior, and that institutional reports reflected appellant demonstrated "favorable institutional adjustment."

On May 18, 2016, the full Board considered the evidence presented at the previous hearing and established a sixty-month FET. In a comprehensive written decision, the full Board noted that, during the November 18, 2015 hearing, its members had engaged in a discussion with appellant for over two hours, asking him numerous questions regarding his perception of the murder and what he had done to gain insight into his "maladaptive and anti-social behavior/thinking." The full Board found appellant's answers to members' questions inconsistent, vague and, for the most part, non-responsive.

In its May 16, 2018 opinion, the full Board concluded that, despite spending three decades in prison, appellant still did not have any substantive understanding of why he shot and killed the victim. Appellant also did not understand what he needed to do to ensure he did not engage in criminal activity if released on parole.

A-3799-16T1

The full Board also reviewed the mitigating evidence it had considered at the November 18, 2015 hearing but, in the final analysis, determined appellant required "additional time to address deficiencies in [his] lack of insight" into why he killed the victim, as well as what he needed to do to keep from engaging in criminal conduct in the future. The full Board thus imposed a FET of sixty months, estimating appellant's new parole eligibility date would be sometime in March 2019.

Appellant filed an administrative appeal challenging the full Board's determination, principally alleging the full Board failed to consider material facts. In a March 29, 2017 written decision, the Board affirmed the full Board's decision. This appeal followed.

On appeal, appellant raises the following contentions:

> POINT I: THE [FULL BOARD] (STATE) HAS FAILED TO MEET ITS BURDEN OF PROOF TO SHOW THAT THERE IS <u>SUBSTANTIAL LIKELIHOOD</u> THAT MR. SANTIAGO WILL BE A RECIDIVIST – TO SUPPORT THE PANEL'S DENIAL OF PAROLE.

> POINT II: THE PANEL OR [FULL BOARD], AND OR THE STATE CANNOT DISPUTE OR OFFER EVIDENCE CONTRARY TO MR. SANTIAGO'S RECORD THAT DEMONSTRATES REHABILITATION.

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We also conclude that there is sufficient credible evidence in the record as a whole supporting the Board's final decision. R. 2:11-3(e)(1)(D). We add only the following brief comments.

The Supreme Court has held that the Board's "decisions are highly 'individualized discretionary appraisals.'" Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). "Accordingly, the Board 'has broad but not unlimited discretionary powers,' and its determinations 'are always judicially reviewable for arbitrariness.'" Ibid. (quoting Monks v. N.J. State Parole Bd., 58 N.J. 238, 242 (1971)). The Board's decisions "depend[] on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 9-10 (1979). As the Court observed, parole boards should focus on "what a man is and what he may become rather than simply what he has done." Id. at 10 (quoting Sanford H. Kadish, The Advocate

and the Expert-Counsel in the Peno-Correctional Process, 45 Minn. L. Rev. 803, 813 (1961)).

In examining the record in light of the arguments raised, we are satisfied the Board adhered to these principles and its own guidelines in rendering the final decision. The Board's findings were based "on sufficient credible evidence in the whole record[,]" Trantino, 154 N.J. at 24 (quoting N.J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div. 1988)), and are entitled to our deference. We find nothing arbitrary, capricious, or unreasonable in the Board's determination to deny parole and establish a sixty-month FET.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3799-16T1